## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**MARVIN BROWN**,

      Petitioner,

v.                                     **CIVIL NO. 07-860 JH/DJS**

**MIKE HERREDIA, Warden,**

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

    1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR 88-467489 in the Second Judicial District, Bernalillo County, of New Mexico. In that proceeding Petitioner was convicted following a jury trial of one count of Trafficking by Distribution, one count of Escape from a Peace Officer, and one count of Battery Upon a Peace Officer. Pursuant to those convictions, on October 16, 1989, Petitioner was sentenced to a term of imprisonment of twelve years seven of which were suspended for a sentence of five years incarceration and five years supervised probation. Petitioner's probation was revoked on August 22, 1994 and he was sentenced to twelve years incarceration and two years parole. At that time, Petitioner was given credit for pre- and post-

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

sentence confinement as well as for time served on probation. The remainder of the sentence was set to run concurrent with a sentence imposed in a separate proceeding.

2. Petitioner challenges the revocation of his probation and his subsequent sentence of incarceration, asserting that the probation term had already expired at the time his probation was revoked on August 23, 1994. In addition, Petitioner asserts that the term of probation ordered in 1989 was an illegal sentence. .

3. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding.  See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent notes that Petitioner filed a direct appeal following the 1994 revocation of his probation and that he filed petitions for writs of *habeas corpus* in state court on February 29, 1996, April 5, 1996 and on September 26, 2006. Further, Respondent asserts that the petition is time barred and filed a Motion to Dismiss the petition (Docket No. 10 ) on that ground. The Court agrees. In addition, in the Motion to Dismiss Respondent contends that Petitioner no longer meets the "in custody" requirement of 28 U.S.C. §2254(a). The Court does not reach that matter as the petition is clearly time barred.

4. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified in part as 28 U.S.C. §2244(d)(1), became effective April 24, 1996 and established a one year statute of limitations for bringing *habeas* petitions pursuant to 28 U.S.C. §2254. That time period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review. 28 U.S.C. §2244(d)(1)(A). Alternatively, the time begins to run from the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(D). The one year statute of limitations

is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2).

5. The last judgment and sentence challenged by Petitioner was entered on August 22, 1994. Answer, Exhibit B. Petitioner timely filed a notice of direct appeal. Answer, Exhibit C. The New Mexico Court of Appeals affirmed his conviction. Answer, Exhibit H. Petitioner's direct appeal became final ninety days later. see Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir.2001) (holding that a conviction becomes final for *habeas* purposes when the ninety-day period for filing a petition for a writ of *certiorari* to the United States Supreme Court has expired); see also Sup.Ct. R. 13. Because his conviction was final prior to the effective date of the AEDPA, he was afforded a one-year grace period in which to bring a federal *habeas* action. Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998). That one-year grace period expired on April 24, 1997. The factual predicate of the ground upon which Petitioner seeks relief, which is the assertion that he had discharged his probation at the time he was sentenced in 1994, was by its nature known to him during the pendency of the grace period.

6. The one-year statute of limitations may be equitably tolled, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000), cert. denied, 531 U.S. 1194 (2001). Petitioner has the burden of demonstrating that equitable tolling should apply. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998) (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). As noted, equitable tolling is appropriate only in exceptional circumstances. See Miller, 141 F.3d at 978. Petitioner's claims

do not allege exceptional circumstances wherein equitable tolling would be appropriate. Further, in his response to the Motion to Dismiss, Petitioner disputes Respondent's "in custody" argument, but does not address his failure to meet the AEDPA time limitation.

**RECOMMENDED DISPOSITION**

That Respondent's motion to dismiss be granted and this petition be dismissed with prejudice as time barred pursuant to 28 U.S.C. §2244(d)(1).

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**